JACK GROEN, PLAINTIFF-APPELLEE, v. GEORGE FANG-MANN, INC., DEFENDANT-APPELLANT, AND HENRY KEIL, AUGUST KELLER, DEFENDANTS.

Submitted October 6, 1942—Decided February 1, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-appellee, *Albert Rudner* (*Alfred Brenner,* of counsel).

For the defendant-appellant, *Autenrieth & Wortendyke* (*Reynier J. Wortendyke, Jr.,* of counsel).

BROGAN, CHIEF JUSTICE. The plaintiff had a judgment for personal injuries and the defendant appeals. The grounds upon which we are asked to reverse the judgment are: (a) the trial court's refusal to nonsuit; (b) refusal to direct verdict for the defendant, and (c) alleged erroneous instructions to the jury.

The accident from which the plaintiff's injury resulted happened on January 25th, 1941. Considerable snow had fallen, a thaw had set in, and the roadways were slushy in trafficked places. The plaintiff, accompanied by his twelve year old son, went to the defendant's place of business—a coal yard—to purchase a hundred pounds of coal. They brought along a sled to cart the coal. Admittedly they were invitees on the defendant's premises. The entrance to the defendant's coal yard was by a covered passageway on the left of which was the office of the defendant's weigh-master and on the right of which were some coal bins; and between the two was a truck scale at grade on which vehicles entering the yard were weighed, while empty, and again weighed as they departed. On the plaintiff's arrival at the yard, his son went to the weigh-master's office, paid for the coal he was about to receive and obtained a receipt. A shovel was supplied by Mr. Burkhard, the weigh-master, who sat at an office window facing the scale. No truck was on the premises when the plaintiff and his son arrived. The plaintiff proceeded to fill the sack with coal from the bins on the right-hand side of the scale opposite the weigh-master's window. The father shoveled the coal and the boy held the sack. It was while they were filling the bag with coal that a truck owned by Henry Keil and operated by his driver, August Keller (both named as defendants but absolved of liability by the jury's verdict), entered the premises. The testimony indicated, and the jury was privileged to find, that the driver, Keller, saw

the plaintiff and his son when he entered the premises. At any rate, he brought the three-ton truck to a standstill before driving onto the scale. The plaintiff ceased shoveling coal into the bag and stood close to the bin while the truck was driven onto the scale. At this point the plaintiff said he turned his face toward the bins, remaining where he was, because "there was room enough for me to let the truck pass by." Other testimony indicated that there was ample room for the truck to move onto the scale notwithstanding that the plaintiff and his son were standing between the scale and the bins; that there was a clearance of almost two feet on each side. After the truck was weighed the weigh-master rang the bell for the truck to proceed and when the truck did not immediately move Mr. Burkhard waved to the driver to proceed into the yard. There was testimony that there was some slush and loose coal on the scale and that the motor vehicle had difficulty starting up because of its presence, and, that, when started, the vehicle skidded and slipped, its rear half swinging to the right towards the plaintiff, with the result that the plaintiff was struck and thrown to the ground immediately in front of its rear right wheel, which did not pass over any part of his body but kept turning and pressing against him.

The jury returned a verdict against the coal company only. There was a discontinuance at the end of the plaintiff's case in favor of the truck driver, Keller, and the jury returned a verdict in favor of the truck owner, Keil. Fangmann, Inc., the coal yard operator, appeals from the judgment entered.

We are asked to reverse the judgment on the ground that a motion for nonsuit or directed verdict should have been granted the appellant. It is argued that the evidence failed to show any breach of legal duty on the part of Fangmann, and that the plaintiff's injuries were not caused in whole or in part by any act of commission or by any omission on the part of the appellant; further, that the plaintiff was guilty of contributory negligence and that he assumed the risk.

In support of its argument to make out contributory negligence, the appellant relies on the fact that the plaintiff was somewhat incapacitated from an old leg injury; that he

used a cane because he was not steady on his feet; and, that at the time of the accident, while he stood between the truck already on the scale and the coal bins, he was "off balance." His own testimony was that as he faced the bin he stood with one foot on a board and the other on some coal, a matter of two and a half inches above the grade of the board. But there is no proof that this circumstance caused him to fall and furthermore it would be a fact issue if there was such testimony, as against the plaintiff's own testimony that the truck "skidded" and struck him. We think, too, that the defense of assumption of risk raised a fact question. It is not a necessary inference from the proofs in the case that the place where plaintiff stood was obviously a place of peril or that he so recognized it. The testimony is that there was ample room for the truck to pass and that the "skid" of the truck caused the mischief.

On this phase of the matter we further note, as the jury must have in considering the plaintiff's testimony, that there was plenty of room for the truck to pass him in safety; that the sled which the plaintiff brought to haul the coal was also alongside the truck, partly on the scale, that is, it lay between the coal bin and the scale at an angle or in a cater-corner position. Now at the time of the accident the front wheel of the vehicle had passed the plaintiff in safety and did not strike the sled. This is basis for the inference that but for the skid of the truck the plaintiff, in the normal course, would not have been injured. He should not be held to an anticipation of an untoward event,—consequently he may not be held as a matter of law to have assumed the risk.

The main issue concerning the defendant's alleged negligence is the real question in the case. If facts were in proof from which a jury might infer a want of that care which, under the circumstances, is due, then of course, the matter was for a jury to decide. In support of that proposition the respondent points out that appellant by its agent undertook to exercise some control over the operation of the truck, from the fact that Burkhard "waved it on." However, the relation between Burkhard directing the driver to proceed and the happening of the accident is so slender that, standing alone,

it was hardly sufficient to justify submitting the case to the jury; but when there is added thereto the plaintiff's testimony that after the bell had been rung by Burkhard and the truck was about to start, he, looking to the rear of the truck, noticed that it suddenly jerked and didn't move but that the driver gave it "more gas" and that the truck "jumped over and I hollered because the truck came toward me and dragged me by the back and under the wheel," and, further, that on the scale, although protected by an overhead shed or roof, there was snow and slush, as well as pieces of coal either from the side bins or dropped from coal-laden vehicles; and, finally, that the defendant was chargeable with notice of this condition since it was manifestly in the plain view of the weighmaster, our view is that the court was correct in denying a motion for nonsuit and for directed verdict. No point is made as to the length of time the snow and slush had been on the scale but, as to that, it is pointed out that the snow had fallen on the day previous to the accident.

From all the facts and circumstances we think an issue for the jury was raised, viz., whether the premises were maintained with that reasonable care which the law imposes upon the owner or occupier of premises for the safety of an invitee. The jury was privileged to conclude, as doubtless it did, that the vehicle skidded because of the presence of loose coal and snow on the scale, that this condition was not one that the plaintiff was bound to anticipate as a matter of law but rather a condition which the appellant must be held to guard against under the obligation of reasonable care. The appellant also argues a matter of several exceptions taken to the judge's charge. We have examined these and, in our judgment, they require no comment. We perceive no error in them.

The judgment should be affirmed, with costs.